JOHN DE STEFANO ET AL., PLAINTIFFS, v. YELLOW CAB COMPANY, A DOMESTIC CORPORATION, DEFENDANT.

Submitted June 5, 1924—Decided October 7, 1924—Filed October 24, 1924.

Negligence—Collision Between Motor Cab and Racing Car—Plaintiffs Were Occupants of Cab—Driver Lawfully in the Road—Racing Car in Effort to Avoid Another Car Collided With Cab—Judgment Against Cab Company Reversed.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *Benjamin Gordon* and *Louis J. Feit.*

For the defendant, *John A. Bernhard* and *Joseph E. Stricker.*

PER CURIAM.

The plaintiffs are a husband and wife and four young children, comprising the entire family of John De Stefano as it existed at the time of the accident on account of which the suit was brought, John, with his wife, who was then pregnant, and four young children, took a taxicab belonging to the defendant company in the evening of September 1st, 1923, to go from Newark to Elizabeth via Frelinghuysen avenue. About at the Newark city line the taxicab came into a head-on collision with a Chevrolet car occupied by several young men apparently on a joy ride, and all the occupants of the taxicab were more or less injured. They brought this suit against the cab company alone, and the plaintiff John had a verdict of $993, the wife $730, and the children varying insignificant amounts not now attacked as excessive. For the defendant, it is claimed on this rule that the verdicts for John and his wife are excessive, and that the

verdict is against the weight of evidence and against the charge of the court. We are clear that it is not against the charge of the court, but, with respect to its being against the weight of evidence, we think there can be little or no doubt that this is so and that the accident was entirely due to the negligent operation of the Chevrolet car. The taxicab was pursuing a straight course from Newark to Elizabeth to the right of the centre of Frelinghuysen avenue, either in or straddling the southbound car track. The evidence shows, without substantial contradiction, that at that time and place, coming north were, first, a large freight truck, secondly, a Mitchell touring car in the northbound track, and finally, the Chevrolet, which was coming behind them at very high speed. The plaintiffs claim that the Chevrolet swerved in trying to pass the truck. The defendants claim that it swerved because of trying to pass the Mitchell car. What seems to be definitely established is that the Chevrolet did pass to the left of the Mitchell, tore off the left mud-guard of that car, and that this collision threw the Chevrolet over on the southbound track directly in front of the yellow cab, the driver of which could do practically nothing to get out of its way. It is intimated that the taxi was going at an excessive speed, but we think that the jury could not properly have found that it was. If he had been going at excessive speed, in all probability, he and all the occupants of the car would have been killed or very seriously injured. The situation was simply that of the driver of a vehicle proceeding at a lawful speed in a lawful place suddenly confronted by a racing car in the opposite direction which was endeavoring to get around the Mitchell, and in so doing, encroached on the legal path of the taxicab. We are unable to perceive any reasonable theory on which the jury were entitled to find that the taxicab driver failed in his duty of care in operation of the vehicle.

We incline to think, also, that the damages were excessive, although in view of the result just reached, it is unnecessary to enlarge upon the matter. The wife, who was pregnant at the time, does not seem to have been seriously upset physically,

as she bore her child in the ordinary course at the proper time.

As our conclusion respecting the weight of evidence affects all the plaintiffs, the rule to show cause will be made absolute generally.